Newman, J.
Counsel in support of their motion to dismiss this proceeding rely upon Chapman Mfg. Co. v. Taylor, 61 Ohio St., 394. There separate judgments were rendered against separate parties on separate causes of action in favor of the same party. The parties against whom such separate judgments were rendered united in prosecuting error. The'court held that there, was a misjoinder of parties plaintiff and dismissed the proceeding in error. The law of that case does not apply here where the judgment was rendered against the Children’s Home and its superintendent—neither separate judgments nor judgments based upon separate causes of action. There is no reason why these two parties may not unite in a proceeding' for a review of this adverse judgment. But it is claimed that W. P. Fetter is not entitled to become a party to this proceeding because no judgment was rendered against him. Conceding this, his joining in the petition here does not invalidate the proceeding in error as to the other *120 two parties. The petition in error is in usual form. It recites the rendition of the judgment and assigns the several errors upon which the parties rely. Then follows the prayer for a reversal and for final judgment in favor of plaintiffs in error. This proceeding, so far as the Children’s Home and its superintendent are concerned, is properly here, and the motion to dismiss is therefore overruled.
Counsel for plaintiffs in error challenge the judgment of the court of appeals upon the grounds that the complaint in habeas corpus was insufficient and that the court of appeals had no jurisdiction of the subject-matter.
The contentions of counsel for Minnie Fetter, the mother, are, that the juvenile court never had jurisdiction; that if it had, it lost it, because it could make but one of two orders—it could commit ■the boy to the Children’s Home or it could discharge .him—it had no authority to divide the custody of the boy between the parents; that if the juvenile court had jurisdiction, its rights were wholly subordinate to the right of either parent if ■fit, able and willing to care for the child; that the court of common pleas of Erie county had exclusive jurisdiction of the parties and subject-matter and custody of the child.
An affidavit as authorized by Section 1647, General Code, was filed by the truant officer of Marion ■in the probate court, acting as a juvenile court, ■with the jurisdiction and powers conferred upon it by Section 1639 et seq.
A citation was issued to W. P. Fetter and Min *121 nie Fetter, the parents having the custody and control of the child, as required by Section 1648. On March 13, 1912, the child was brought before the court, evidence was heard and a finding was made that he was under the age of seventeen, that he was incorrigible, that he was a delinquent child and that he came into the custody of the court and would continue for all necessary purposes of discipline and protection a ward of the court until he attained the age of twenty-one. In Section 1644, a “delinquent child” is defined, and includes, among others, a child under seventeen years of age that is incorrigible. Section 1643, prior to the amendment of April 28, 1913, was as follows: “When a child under the age of seventeen years comes into the custody of the court under the provisions of this chapter, such child shall continue for all necessary purposes of discipline and protection, a ward of the court, until he or she attains the age of twenty-one years. The power of the court over such child shall continue until the child attains such age.”
On March 13, 1912, by order of the juvenile court, on motion of the father, agreed to by the mother, Howard Fetter was permitted to make his home with his father on certain days of the week and with his mother on the remaining days, also to stand subject to such other discipline, disposition and conditions as might be imposed by the judge during the term of probation. It was further ordered that so long as the child should, in the opinion of the judge, comply with the conditions and terms of the probation, final judgment or *122 final commitment to any other place, person or institution be stayed and suspended, such suspended judgment, however, to be subject to the directions and conditions imposed by the judge, “for such time as in the opinion of the judge such child has been sufficiently corrected of its delinquency and final judgment entered herein, otherwise committing or disposing of the custody of such child or discharging it from any further control by the judge in this cause.”
Counsel for the mother insist that the juvenile court had no authority to make this order, that it could commit the child to the Children’s Home or discharge it. We cannot agree with counsel, for, under the provisions of Section 1652, General Code, the court is authorized to make temporary provision for a child such as was made here, subject to be returned to the judge for further proceedings whenever such action might appear necessary.
Such action was necessary in this case, as shown by the records of the juvenile court in its finding of March 28, 1913, and it is immaterial that the matter was brought to the attention of the juvenile court by the father of the child after the decree in the divorce proceeding. The court speaks by its record, and it appears that all parties interested were before the court, that the court heard evidence on the subject and was convinced that there should be a modification of its former order in reference to'the custody of. the child. It did not, however, change its finding that the child' was a delinquent. It found that on account of the es *123 trangement of the parents it would be to the best interests of the child to remove it from their custody, and it committed it to the Marion County Children’s Home, to be there received, cared for and educated, and kept subject to the control of and until discharged by the proper adjustment of differences of said parents. This order of the court, at the time of the proceeding in habeas corpus, was unreversed and unmodified and was in full force and effect.
The proceeding in Erie county was one in divorce, and the only parties’ there were Minnie Fetter and W. P. Fetter. As between them the common pleas court may have had the authority to determine which of the two was entitled to the custody of the child, but its order in no way could affect the order of the juvenile court under which, on March 13, 1912, the child became a ward of the juvenile court to continue as such until the age of twenty-one. Exclusive jurisdiction of the child and of the subject-matter was acquired by the juvenile court several months prior to the proceedings in divorce and was a continuing jurisdiction, and that the order of commitment to the Children’s Home was made subsequently to the decree in divorce in Erie county is wholly immaterial.
As required by Section 12164, General Code, a copy of the commitment of Howard Fetter to the Children’s Home was exhibited to the court of appeals with the complaint of Minnie Fetter, the mother. The exhibit attached to the complaint contained not only a copy of the-commitment but *124 a certified copy of the entire proceedings had in the juvenile court. It appeared then to the court of appeals that Howard Fetter, alleged to be restrained of his liberty, was in the custody of the Children’s Home by virtue of an order of a court of record.
As has been repeatedly held by this court,, the probate courts of this state are courts of record, and their records import verity. Their judgments are binding and conclusive, where there is no fraud and when it appears that there was jurisdiction of the person and the subject-matter. The proceedings in the probate court of Marion county, acting as a juvenile court, were regular and it had jurisdiction to make the order of commitment.
We are of the opinion that the court of appeals was without authority to allow the writ of habeas corpus, for, under the provisions of Section 12165, the writ shall not be allowed when it appears that the. person alleged to be restrained of his liberty is in the custody of an officer by virtue of a judgment or order of a court of record and that the court had jurisdiction to issue the process, render the judgment or make the order.
Hoffman v. Hoffman, 15 Ohio St., 427, is cited by counsel for the mother. In that case it was held: ‘Where a court of common pleas, on rendering a decree of divorce, further decree the ‘custody, care, and control’ of the minor children of the marriage to one of the parties, a probate court, while such decree remains in force, cannot, as between the parties to the decree, legally interfere with the *125 custody' sb-decreed, either by habeas corpus or letters of guardianship.”
This case, as we view it,-does not support the contention of counsel, but is, we think, an authority against their position. The court' there held that1 the jurisdiction of the court of common pleas of the subject of the custody of children in divorce cases is a continuing jurisdiction. In the case at bar, under the provisions of Section 1643, General Code, Howard Fetter came into the custody of the juvenile court- and the power of that court over him was continuing until he attained the age of twenty-one years. An independent proceéding in another court, even of higher jurisdiction, cannot be maintained to affect this order of a court of record and competent jurisdiction.
No finding of facts was made by the court of appeals. Counsel therefore insist upon the application-of the rule announced in McGrath v. Cowen, 57 Ohio St., 385: “Where, in a proceeding in error in this court, the record does not show an agreed statement or finding of the facts, but there is a bill of exceptions purporting to contain all the evidence, and the reversal of the judgment is sought on the ground that the undisputed facts, or those proven by uncontroverted testimony, require its reversal, it will be presumed, in support of the judgment, that all facts necessary to sustain it, which the evidence fairly tends to prove, were established to the satisfaction of the court whose judgment is under review.”
‘This rule has no application here. The only evidence in the case at bar was an admission by *126 the respondent that Minnie Fetter would be a fit and suitable person to have the custody and control of the child. Conceding this to be true, in view of the finding of the juvenile court this fact could not confer jurisdiction of the subject-matter on the court of appeals. It would not authorize that court to nullify completely the action of the juvenile court. The court of appeals recognized the jurisdiction of the juvenile court over the subject-matter, for its order was reserved to afford opportunity for an application for a modification or vacation by the juvenile court of its order of March 28, 1913, or to the trustees of the Children’s Home for the parole or discharge of Howard Fetter. It doés not appear whether such application was made. But by the final order of the court of appeals the child was discharged from the institution and awarded to the custody of the mother. Counsel claim that “no fault was charged against Howard Fetter, but against the parents of the boy.” In view of the express finding of the juvenile court such a claim is, we think, not tenable. That court found expressly that the child was incorrigible and therefore a delinquent. True, it found that this delinquency was due to the estrangement between the parents, when it made its original order on March 13, 1912, and when the. modification of the order was made there was a finding that this condition still existed. Yet there was a positive finding upon evidence of a jurisdictional fact, viz., that the child was a delinquent. This finding was conclusive and could not be at *127 tacked in an independent proceeding in another court.
It is urged with some feeling by counsel for the mother that the jurisdiction of the juvenile court, even if it had any in this case, is subordinate to the right of the mother if she is fit, able and willing to care for the child.
The legislature in the exercise of its police power, in order to protect children and to remove them from evil influences, has established the juvenile court. When proceedings are regularly had in that court and there is a finding that the child is delinquent it becomes a ward of the court. In the interest of the child and in the interest of society the court can commit its custody to strangers or to an institution for its moral training and education over the objection of the parents. The presumption is that the juvenile court of Marion county, when it committed Howard Fetter to the Children’s Home, was acting with reference to the best interests and welfare of the child. It is in the power of that court, if it deem it advisable, to restore the child to its parents. But there is no authority for any other court to interfere, in an independent proceeding, with the custody of the child thus entrusted by law to the jurisdiction of the juvenile court.
When it appeared to the court of appeals that the juvenile court had acquired jurisdiction of the child, and that it had become a ward of that court, it should have dismissed the application for a writ of habeas corpus.
*128 Counsel for plaintiffs in error insist .that all- the allegations in the fifth defense of the answer, of the superintendent of the Children’s. Home stand confessed and admitted to be true, for no reply was filed thereto. It is claimed by opposing counsel that the superintendent by going to trial without objection waived a reply. It is unnecessary to pass upon this question, for the uncontroverted facts precluded the court of appeals from acquiring jurisdiction. The questions presented for ,oqr determination were properly raised by the other defenses in the answer. .. ..
For the reasons we have given the judgment of the court of appeals is reversed and the application for a writ of habeas corpus is dismissed, the Children’s Flome of Marion county to have the custody of the child under the order of commitment made by the juvenile court.'

Judgment reversed and judgment for, plaintiffs -irt error.

Nichols, C. J., Sitauck, Johnson, Dcdnahue, Wanamaker and Wilkin, JJ., concur.